NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2632
_____

GRANT MANDIGORA, individually and as natural parents of A.M., a minor;
NEZILE MTHEMBU, individually and as natural parents of A.M., a minor,
Appellants

v.

THE AMERICAN BOARD OF PEDIATRICS INC; DR. GLADIBEL MEDINA,
in her individual capacity and in her official capacity as a contracted child abuse
pediatrician for the New Jersey Division of Child Protection and Permanency;
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
through its Administration for Children and Families
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:25-cv-14682)
District Judge: Honorable Jamel K. Semper
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2026
Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: July 8, 2026)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellants Grant Mandigora and Nezile Mthembu filed a complaint in the District Court seeking declaratory and injunctive relief in relation to a child-welfare proceeding in the New Jersey Superior Court, Chancery Division, Family Part. They named as defendants the American Board of Pediatrics, Inc. ("ABP"), Dr. Gladibel Medina ("Dr. Medina"), and the United States Department of Health and Human Services ("DHHS"). Mandigora and Mthembu also moved for a preliminary injunction. The District Court applied the *Younger* doctrine in denying the motion, concluding that it was bound to abstain from issuing a ruling that would interfere with the Family Part case. *See Younger v. Harris*, 401 U.S. 37, 43 (1971). Mandigora and Mthembu appealed.[1]

We will vacate the District Court's order and remand the matter for further proceedings. In applying the *Younger* doctrine here, the District Court relied upon the factors set forth in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 433 (1982), which directed lower courts to abstain when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. We have made clear, however, that district courts considering *Younger* abstention must, as a threshold matter, determine whether the state-court proceeding falls within one of the categories identified in *Sprint Communications, Inc. v.*

---

[1] We have jurisdiction under 28 U.S.C. § 1292(a)(1) to review the District Court's interlocutory order denying the appellants' motion for a preliminary injunction. In its order denying that motion, the District Court administratively terminated the case without disposing of the complaint. This administrative closure had no jurisdictional significance. *See Penn W. Assoc., Inc. v. Cohen*, 371 F.3d 118, 128 (3d Cir. 2004). Therefore, the complaint remains pending in the District Court.

*Jacobs*, 571 U.S. 69 (2013); only then should a district court consider *Middlesex*'s additional factors. *See Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019); *see also Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 181 (3d Cir. 2014) ("*Sprint* explicitly eschewed exclusive reliance on the three *Middlesex* factors"). In *Sprint*, the Court held that abstention is appropriate in only "three exceptional categories" of proceedings: (1) "state criminal prosecutions"; (2) certain "civil enforcement proceedings," and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 72.

We add that the *Younger* abstention doctrine is applied on a claim-by-claim basis. *See Herrera v. City of Palmdale*, 918 F.3d 1037, 1048–49 (9th Cir. 2019). Therefore, following remand, the District Court also should address whether the state proceedings afford Mandigora and Mthembu an adequate opportunity to raise each of the claims that they asserted in their complaint.